UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No. 2:19-cv-661-TLN-EFB P<br><br><br>ORDER |

        Petitioner is a state prisoner proceeding without counsel. This action was opened when he filed a "petition for writ of habeas corpus" alleging various procedural shortcomings in prison disciplinary proceedings. ECF No. 1. The "petition," which exceeds three-hundred pages, begins with the standard habeas petition form. ECF No. 1 at 1-8. The substance of petitioner's claims, however, are found on pages attached thereto. In those pages, plaintiff unequivocally states that he is "stating a claim under 42 U.S.C. § 1983." E.g., *id.* at 9, 26. He names various defendant correctional officers and, in addition to expungement of his disciplinary convictions, seeks monetary damages. E.g., *id.* at 25. Also absent from the "petition" is an indication of the contours of petitioner's sentence. Without that information, the court cannot determine whether restoration of plaintiff's good-time credits will necessarily result in a speedier release – a determination which bears on the propriety of bringing his claims in a habeas petition.

/////

Based on the foregoing, it is unclear whether petitioner intended to file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or a civil rights complaint pursuant to 42 U.S.C. § 1983. Habeas petitions and civil rights complaints provide exclusive vehicles for relief and may not be pursued concurrently in a single action. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (holding that if a state prisoner's claim would not necessarily lead to immediate or speedier release, it may not be brought in habeas corpus but must be brought, if at all, under § 1983).

Accordingly, it is hereby ORDERED that:

1. Within 30 days of the date of service of this order, plaintiff shall indicate whether he intends to pursue this action as a habeas petition or a civil rights complaint under 42 U.S.C. § 1983.

2. If plaintiff intends to pursue his current claims as part of a habeas petition, he should indicate (in his response to this order) whether he is serving a determinate sentence – whereby the restoration of credits would necessarily shorten the length of his confinement – or an indeterminate sentence.

3. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to prosecute.

DATED: July 17, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE