UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONDALEE MORRIS,

Petitioner,

v.

DAVID BAUGHMAN,

Respondent.

No. 2:19-cv-661-TLN-EFB P

ORDER

Petitioner is a state prisoner proceeding without counsel. This action was opened when he filed a "petition for writ of habeas corpus" alleging procedural shortcomings in at least two prison disciplinary proceedings. ECF No. 1. The court previously, due to ambiguities in the petition, directed petitioner to state whether he intended this action to proceed as a habeas petition or as a collection of claims brought pursuant to section 1983. ECF No. 14. Petitioner responded and affirmed his intent to pursue a habeas action. ECF No. 15. The court has identified deficiencies in the petition and, prior to recommending dismissal, will provide petitioner a chance to address them.

## Application to Proceed in Forma Pauperis

Petitioner seeks leave to proceed in forma pauperis. ECF No. 12. He has made the required showing and his application will be granted.

/////

Screening

I. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

II. Analysis

The petition consists of several hand-written pages outlining petitioner's claims and hundreds of pages of exhibits. As best the court can discern, petitioner alleges that he was not afforded due process with respect to three separate disciplinary convictions – one in August of 2016 (ECF No. 1 at 9-10, 53), another in May of 2017 (*id.* at 18, 74-86), and a final one in July of 2017 (*id.* at 26, 235-244). Challenging multiple convictions in a single habeas petition is impermissible, however. Under Rule 2(e) of the Rules Governing Section 2254 Cases, petitioner may challenge only one judgment in a federal habeas action. Challenging each of the three convictions described in this action would require him to file three separate petitions.

Second, it does not appear petitioner exhausted these claims in state court prior to filing this federal petition. Before filing a federal habeas petition, a petitioner attacking a state conviction must exhaust his claims by presenting them to the highest state court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). There is no indication that petitioner has done so. On the habeas form, petitioner has marked "yes" to the question of whether he has filed any state habeas petitions attacking these convictions. ECF No. 1 at 3. He failed, however, to offer any information regarding those cases in the space the form provides for that purpose.[1] *Id.* And the court has reviewed the voluminous exhibits attached to the petition – many of them pertain to prison appeals, but none derive from state court filings.

---

[1] The form requests the name of court, case number, date filed, grounds raised, date of decision, result, and whether an evidentiary hearing was held. ECF No. 1 at 3-4. Petitioner provided none of that information.

2

Rather than recommending immediate dismissal, the court will afford petitioner an opportunity to address these deficiencies. Petitioner should, within thirty days from the date of service of this order, file an amended petition indicating which of his three convictions he wishes to challenge in this action.[2] The amended petition should also indicate whether he has exhausted his claims regarding that conviction in state court.

## Conclusion

1. Petitioner's application to proceed in forma pauperis (ECF No. 12) is GRANTED; and

2. Within thirty days from the date of service of this order, petitioner shall submit an amended petition which addresses the deficiencies identified *supra*. His failure to do so will result in a recommendation that this action be dismissed.

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] His claims regarding the other convictions will be recommended for dismissal without prejudice so that petitioner may, if he chooses, pursue them in separate actions.

3